

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

FILED

FEB 2 8 2008

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

In re:

RANDALL F. CHAMBERS and
CINDY L. CHAMBERS

    Debtors.

Case No. 07-30041-B-11

D.C. No. N/A.

**MEMORANDUM DECISION**

The court has reviewed the debtors' ex parte Notice of Request to Excuse Co-Debtor from Court Appearances (the "Ex Parte Request") filed on February 26, 2008. (Dkt. 44).

The debtors seek an order excusing joint debtor Cindy L. Chambers from "future court appearances and deliberations that solicit information regarding business operations, and all other matters regard this Chapter 11 bankruptcy petition." (Dkt. 44 at 1). The debtors allege that on November 12, 2005 Cindy Chambers was injured in an automobile accident in Shasta County California. The debtors allege that the portion of Mrs. Chambers' brain the processes anxiety and stress is still injured such that if she were subjected to a "anxiety and stress, as what typically occurs when laypersons are subjected to the courtroom environment," Mrs. Chambers may have "an esophageal spasm episode that requires immediate medication to suppress." (Dkt. 44 at 2).

The debtors allege that Mr. Chambers has "100% of all knowledge of the business operations that the court wishes to inquire of" and that the United States trustee has excused Mrs. Chambers from appearing at meetings with the United States trustee. (Dkt. 44 at 2).

The Ex Parte Request will be denied due to procedural defects and, alternatively, on its merits. The debtors failed to give notice of the Ex Parte Request to all creditors in this case. The debtors' proof of service indicates that they served the United States trustee, the bankruptcy court clerk, and three creditors with the motion. Because the Ex Parte Request seeks relief that affects all creditors, the debtors must give notice to all creditors. See Fed. R. Bankr. P. 9014(a). The debtors also did not assign a docket control number to the Ex Parte Request, as they are required to do by Local Bankruptcy Rule 9014-1(c). Failure to comply with the Local Bankruptcy Rules applicable to motion practice is grounds for denial of the motion. LBR 9014-1(l).

As to the merits of the Ex Parte Request, the debtors have failed to present medical evidence that substantiates their claims regarding Mrs. Chambers' health. They have also made no showing as to any specific appearance that would cause Mrs. Chambers to experience the problems they describe, other than their general argument that they feel that court appearances in general create stress and anxiety for lay persons. Local Bankruptcy Rule 9014-1(d)(6) requires that every motion be accompanied by evidence establishing its factual allegations and

demonstrating that the movant is entitled to the relief requested. They have also failed to cite authority supporting the Ex Parte Request that shows that they are entitled to the relief that they seek. Local Bankruptcy Rule 9014-1(d)(5) requires the each motion, opposition, and reply shall cite the legal authority relied upon by the filing party. As noted above, failure to comply with the Local Bankruptcy Rules applicable to motion practice is grounds for denial of the motion. LBR 9014-1(l).

Finally, the court notes that this is a joint chapter 11 case commenced under 11 U.S.C. § 302. The purpose of a joint petition is administrative convenience. The debtors could also have filed two separate individual cases. "A joint case creates two separate estates, however, and 'the court shall determine the extent, if any, to which the debtors' estates shall be consolidated in a joint case. 11 U.S.C. § 302(b). Thus, in the absence of such an order, a joint case - just as separate cases - consists of a separate estate for each spouse." In re Ageton, 14 B.R. 822 (9th Cir. BAP 1981). As a result, Mrs. Chambers remains as the debtor in possession of the individual bankruptcy estate that was created by virtue of the filing of the petition that listed her as one joint debtor. In the absence of evidence supporting the Ex Parte Request or legal authority supporting the Ex Parte Request, the court declines to excuse Mrs. Chambers from future court appearances that may require her to appear in proper prosecution of the administration of the bankruptcy estate.

Case 07-30041   Filed 02/28/08   Doc 47

```
 1        The court will issue an order consistent with the foregoing
 2   decision.
 3
 4   Dated: FEB 27 2008
 5
 6                                    /s/ Thomas C. Holman
 7                                    _____
                                      Thomas C. Holman
 8                                    United States Bankruptcy Judge
```

4

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**

**CERTIFICATE OF MAILING**

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

| | | |
|---|---|---|
| Randall Franklin Chambers<br>18213 Mandarin St<br>Woodland, CA 95695 | Cindy Loretta Chambers<br>18213 Mandarin St<br>Woodland, CA 95695 | Richard A. Rogan<br>Two Embarcadero Center<br>5th Floor<br>San Francisco, CA 94111 |
| Dennis K. Cowan<br>PO Box 992090<br>Redding, CA 96099 | Les Zieve<br>4370 Tujunga Ave #220<br>Studio City, CA 91604 | U.S. Department of Justice<br>Office of the U.S. Trustee<br>501 I St #7-500<br>Sacramento, CA 95814 |

DATED: 2/29/2008          By: _____
                                   Deputy Clerk

EDC 3-070 (New 4/21/00)