FILED
April 01, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002528952

GEORGE A. ROBERTS, ESQ.  SBN 77916
301 Broad Street
Nevada City, CA 95959
Telephone (530) 265-3279 Facsimile (530)265-6051
Email: ga.roberts@sbcglobal.net

Attorney for Creditors, Loel F. Polley, Carroll K. Beaver,
George A Peavy, and Gary M. Hunt

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

In re

RANDALL CHAMBERS AND
CINDY CHAMBERS,

Debtor(s).
_____/

Case No. 07-30041-B-7

MC. No. GAR-003

MOTION FOR ORDER FOR TRUSTEE TO ABANDON PROPERTY

DATE:   April 20, 2010
TIME:   9:32 a.m.
PLACE:  Department B
        501 I Street, Courtroom 33
        Sacramento, CA 95814
Honorable Thomas C. Holman

Moving parties Loel F. Polley, Carroll K. Beaver, George A. Peavy, and Gary M. Hunt are secured creditors in the above-captioned bankruptcy estate.

These creditors are secured by a promissory note and deed of trust recorded against real property whose legal description is contained in Exhibit A to this motion.  Exhibit A is incorporated by reference.  A copy of the deed of trust with assignments of rents is attached and marked as Exhibit B to this motion.

A discharge has been granted ending the automatic stay as it applies to debtors.

The Chapter 7 estate is not yet closed.  Trustee, Michael Dacquisto has determined that the subject real property has no equity and is of no value to the estate.  A copy of an August 11,

MOTION FOR ORDER FOR TRUSTEE TO ABANDON PROPERTY
-1-

2009 letter from Mr. Dacquisto is attached and marked as Exhibit C to this motion.

    Because the property is of no value to the estate, moving parties respectfully request this court to issue an order for the trustee to abandon the subject real property which is described in Exhibit A to this motion.

Dated: 3/31/10                                                  /s/George A. Roberts
                                                                      George A. Roberts

THAT CERTAIN PARCEL DESIGNATED AS PHASE 2, AS SHOWN ON THE MAP OF TRACT 1887(A), PHASE 1, BALLS FERRY ROAD SUBDIVISION, FILED FOR RECORD IN THE OFFICE OF THE COUNTY RECORDER APRIL 11, 2007 IN BOOK 24 OF MAPS AT PAGE 33, SHASTA COUNTY RECORDS.

APN: PORTION 088-020-037

TOGETHER WITH THAT CERTAIN EASEMENT ENTITLED " 30' DRAINAGE EASEMENT" OVER AND ACROSS THE PARCEL SHOWN AS PHASE 1 OF SAID TRACT 1887(A), PHASE 1.
SAID EASEMENT IS FOR THE BENEFIT OF AND APPURTENANT TO THE FIRST ABOVE DESCRIBED PARCEL OR ANY PARTS OR PORTIONS THEREOF.

RECORDING REQUESTED BY

Placer Title Company

When Recorded Mail To:

LOEL F. POLLEY, ETAL
112 S. SCHOOL STREET #7
Grass Valley, CA. 95945

Order No 1401-10844-DLS

2007-0017450

Recorded | REC FEE 29.00
Official Records |
County of |
Shasta |
Leslie Morgan |
Assessor-Recorder |
| CA
09:21AM 13-Apr-2007 | Page 1 of 6

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# DEED OF TRUST WITH ASSIGNMENT OF RENTS
## (With Acceleration Clause)

This DEED OF TRUST, made **March 29, 2007**, between

**RANDALL F. CHAMBERS AND CINDY L. CHAMBERS, TRUSTEES OF THE CHAMBERS 2002 TRUST**, herein called TRUSTOR, whose address is P.O. BOX 326, BELLA VISTA, CA. 96008,

**Placer Title Company**, a California corporation, herein called TRUSTEE, and

**LOEL F. POLLEY, TRUSTEE OF THE LOEL F. POLLEY TRUST AS TO AN UNDIVIDED ¼ INTEREST; CARROLL K. BEAVER, TRUSTEE OF THE BEAVER REVOCABLE FAMILY TRUST, AS TO AN UNDIVIDED ¼ INTEREST; GEORGE A. PEAVY, TRUSTEE OF THE GEORGE A. PEAVY 1992 FAMILY TRUST, AS TO AN UNDIVIDED ¼ INTEREST AND GARY M. HUNT, AN UNMARRIED MAN AS TO AN UNDIVIDED ¼ INTEREST**, herein called BENEFICIARY,

WITNESSETH: That Trustor grants to Trustee in Trust, with Power of Sale, that property described as:

SEE EXHIBIT 'A' ATTACHED HERETO AND MADE A PART HEREOF

A.P.N. 088-020-037, 088-020-024, PTN

Together with the rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits.

For the Purpose of Securing (1) Payment of the sum of *** One Hundred Four Thousand and 00/100 Dollars *** ( $104,000.00) dollars with interest thereon according to the terms of a promissory note or notes of even date herewith made by Trustor, payable to order of Beneficiary, and extensions or renewals thereof, and (2) the performance of each agreement of Trustor incorporated by reference or contained herein (3) Payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or his successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust.

If the Trustor shall convey or alienate said property or any part thereof or any interest therein or shall be divested of his title in any manner or way, whether voluntary or involuntary any indebtedness or obligation secured hereby, irrespective of the maturity date expressed in any note evidencing the same, at the option of the holder hereof and without demand or notice shall become due and payable immediately

EXHIBIT "B"

- 3/29 07

Received

## Michael P. Dacquisto, Chapter 7 Trustee

Post Office Box 992631
Redding, California 96099-2631
Telephone 530-244-6267
Fax 530-244-0907

August 11, 2009

Janelle
Foreclosure Specialists

By Fax Only:  530-246-2723
(Original will not follow)

Re: Randall Chambers and Cindy Chambers
Bk Case #:  07-30041-B-7
Foreclosure on APN 088-020-037 and 088-020-024

Dear Janelle:

I am the chapter 7 trustee in the bankruptcy case of Randall and Cindy Chambers. The case number is 07-30041-B-7. It was originally filed as a chapter 11 case and converted to chapter 7 on or about 8/7/2008.

The debtors have received their discharge. This means the automatic stay as to them is no longer in effect. The automatic stay is technically still in effect as to property of the bankruptcy estate that has not been abandoned back to the debtors (and this property has not been abandoned back to them) or if no court order granting relief from the stay as to this property has been obtained. No such order has been issued in this case.

I have examined this property. It has no equity for the bankruptcy estate to realize. I have no intention of selling it or otherwise trying to do anything with it to generate money. It will be abandoned back to the debtor when the case is closed. That may take some time because the Chambers have promised to pay money to the bankruptcy estate, but this will take many months to accomplish.

I have no objection to your company proceeding with foreclosure of the property on behalf of the first trust deed holder.

Sincerely,

Michael P. Dacquisto

EXHIBIT " C "